NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
MARITSA MC KINNEY,                     :
                                       :
    Plaintiff,                         :      Civil Action No. 15-1982 (SRC)
                                       :
    v.                                 :      **OPINION**
                                       :
COMMISSIONER OF SOCIAL                 :
SECURITY,                              :
                                       :
    Defendant.                         :
_____:

**CHESLER, District Judge**

    This matter comes before the Court on the appeal by Plaintiff Maritsa Mc Kinney ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

    In brief, this appeal arises from Plaintiff's application for supplemental security benefits, alleging disability beginning May 17, 2007. A hearing was held before ALJ Kimberly L. Schiro (the "ALJ") on July 10, 2013, and the ALJ issued an unfavorable decision on August 22, 2013, finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

    In the decision of August 22, 2013, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual

functional capacity to perform light work, with certain limitations.  At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform her past relevant work.  At step five, the ALJ consulted the Medical-Vocational Guidelines and concluded that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity.  The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on two grounds: 1) the ALJ improperly evaluated the medical evidence; and 2) the residual functional capacity determination is not supported by the evidence.

Plaintiff's case on appeal suffers from two principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine.  As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how her impairments, whether individually or in combination, amount to a qualifying disability.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination.  The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."  Id.  In such a case, "the claimant has the 'burden' of showing that an error was harmful."  Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner

erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful.

Plaintiff's arguments primarily challenge the residual functional capacity determination at step four. Plaintiff first argues that the ALJ failed to give proper weight to Plaintiff's subjective complaints about her conditions. The Regulations state:

> In determining whether you are disabled, we consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence, and other evidence.

20 C.F.R. § 416.929(a). "Allegations of pain and other subjective symptoms must be supported by objective medical evidence." Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). The ALJ's decision shows that she considered Plaintiff's subjective complaints of pain and difficulty with standing and moving, but concluded that these complaints were not supported by the objective medical evidence. (Tr. 14-15.) The ALJ noted that, since 2007, when Plaintiff was involved in a motor vehicle accident, she has had no sustained period of medical care for spinal or back pain. (Tr. 15.) The ALJ noted that Plaintiff did visit the emergency room for acute treatment on two occasions, one after another motor vehicle accident in 2009, and one in 2010 after picking up a book bag. (Tr. 14-15.) The ALJ appears to have given weight to the absence of record evidence of follow-up care for pain.

In arriving at the determination that Plaintiff retained the residual functional capacity for light work, with certain limitations, the ALJ stated that she gave great weight to the medical reports from the state agency consultant, Dr. Jacknin, and from the orthopedic consultant, Dr.

3

Weber.  (Tr. 16.)  Dr. Jacknin submitted a report, dated January 30, 2012, which evaluated Plaintiff's residual functional capacity and assessed Plaintiff's exertional limitations identically to the determination of the ALJ.  (Tr. 52.)  This assessment was confirmed on review on May 10, 2012 by Dr. Simpkims.  (Tr. 63.)  Dr. Weber performed an orthopedic consultative examination on January 3, 2012, and reported no limitations to any functional abilities.[1]  (Tr. 411.)

On this record, the ALJ's finding that Plaintiff's subjective complaints were not consistent with the objective evidence is supported by substantial evidence.  The ALJ did not err by giving greater weight to the objective evidence.

Plaintiff next contends that the residual functional capacity determination is "simply conclusory without any rationale to support this conclusion."  (Pl.'s Br. 17.)  This is incorrect.  As discussed, the ALJ carefully explained the evidence of record that supported her determination.

Lastly, Plaintiff contends that the ALJ erred at step five by failing to obtain the testimony of a vocational expert.  As the Commissioner contends, the relevant Regulation prescribes this method: "When your impairment(s) and related symptoms only impose exertional limitations and your specific vocational profile is listed in a rule contained in Appendix 2, we will directly apply that rule to decide whether you are disabled."  20 C.F.R. § 416.969a(b).  Plaintiff does not argue that she had any non-exertional limitations,[2] nor does she make any case for why the

---

[1] Plaintiff confuses medical findings with findings of a functional limitation.  Plaintiff points to the objective evidence of disc herniation in August of 2007.  The medical experts in 2012, however, found no functional limitations beyond the residual functional capacity for light work.

[2] In her Reply Brief, Plaintiff contends that her frequent headaches constitute a non-exertional limitation which precludes use of the Medical-Vocational Guidelines.  For this

Medical-Vocational Guidelines are inapplicable.  The ALJ performed step five in accordance with 20 C.F.R. § 416.969a(b).

  Plaintiff has failed to persuade this Court that the ALJ erred in her decision or that she was harmed by any errors.  This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

                   s/ Stanley R. Chesler
                STANLEY R. CHESLER, U.S.D.J.

Dated: June 8, 2016

---

argument to succeed, Plaintiff must have established at step four that she has such a non-exertional limitation, and she has not done so.